**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JERRY T. ONEAL,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1741-Orl-31KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:** **October 31, 2011**

## I. PROCEDURAL HISTORY.

On October 31, 2011, Jerry T. Oneal, appearing *pro se*, filed a complaint against the Commissioner of Social Security. Doc. No. 1. Oneal appears to allege that someone is stealing money in his name from an automatic teller machine, violation of the Americans with Disabilities Act, that a non-party Sunshine Payee stole his wallet and his bank account was closed, which was an "inside job with the Social Security Administration." *Id*. Oneal also alleges that Sunshine Payee has

defrauded the Social Security Administration. Oneal also filed a motion to proceed *in forma papueris*. Doc. No. 2.

## II. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III. ANALYSIS.

As an initial matter, Oneal does not specify any federal constitutional or statutory provisions that he alleges the Commissioner of Social Security violated, except for the Americans with Disabilities Act. Oneal does not cite any facts in support of this assertion and it is not clear that he intends to claim violation of that Act against the Commissioner. Accordingly, it does not appear that

this Court could exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. In fact, the Court cannot determine what actions Oneal contends were taken by the Commissioner or what federal claims he wishes to make. The current complaint does not establish that this Court can exercise subject-matter jurisdiction in this case, and therefore, it must be dismissed.

Furthermore, the allegations of Oneal's complaint fail to set forth sufficient facts demonstrating that Oneal is entitled to relief for the alleged wrongs. *See Iqbal*, 129 S. Ct. at 1949-50. In addition, Oneal failed to separate the various causes of action into separate counts, to alleged who is alleged liable as to each cause of action, and what each Defendant did to cause harm to Oneal. Oneal's complaint, therefore, fails to state a claim upon which relief can be granted.

The United States Court of Appeals for the Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should normally be given leave to amend. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

Should the Court determine that leave to amend should be granted, Oneal must set forth in his amended complaint the basis for this Court's exercise of jurisdiction over the instant case. Oneal must set forth each claim arising from a statute, common law provision, or constitutional provision in a separate count of the complaint. Fed. R. Civ. P. 10(b). He should clearly describe how the each Defendant is involved in each of the alleged violations. Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated or directed such action and/or omission that resulted in the claimed injury. Also, Oneal must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of Defendants) with respect to each claim.

Should the Court permit Oneal to file an amended complaint, it should also permit him to file a renewed motion to proceed without prepayment of fees with the amended complaint.

## IV. RECOMMENDATION.

Accordingly, I **recommend** that the Court **DISMISS** the case without prejudice and allow Plaintiff to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint. I **further recommend** that the Court advise Plaintiff that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

In the amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Plaintiff should not include argument in the amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

In the amended complaint, Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff must allege some causal connection between the Defendant named and the injury allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of Plaintiff's rights or directed such action

and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically how Plaintiff has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 4, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy